Replevin.

*Case* 88.

## Powell *vs* Triplett.

APPEAL FROM THE FRANKLIN CIRCUIT.

*Replevin.     Parties.     Pleas and pleadings.*

*April 27.*

JUDGE MARSHALL delivered the opinion of the Court.

The statute of 1842, (3 *Stat. Laws*, 503,) does not restrict a tenant reetrained upon by his landlord to a suit against him alone, he may sue the officer also.

THE act of 1842, concerning the action of replevin, (3 *Stat. Laws*, 503,) does not *restrict* the tenant, who conceives that his property has been wrongfully taken by way of distress for rents, to an action against the landlord, but allows him, if he choose, to sue the landlord alone. The eleventh section makes provision for the case of an action of replevin by the tenant against the officer who executes the distress warrant, by authorizing the landlord to defend the action upon terms prescribed, and in effect, to put himself in the place of the officer, which case would not have been provided for if it could not have existed under the statute.

We cannot admit, therefore, that the disclosure by the defendant's plea, of the fact that the taking complained of was under a distress warrant, and the admission of that fact by the replication, showed that the action could not be maintained, and therefore, justified the judgment *de retorno habendo*, for the defendant on his demurrer to the replication. On the contrary, although the distress warrant was a justification to the officer for taking the property, whether the rent claimed was due or not, he was not entitled to a return of it if there was in fact no rent in arrear. And if when the distress warrant issued, the plaintiff, by his replication, had put that single fact in issue, though he might thereby have given up all claim to damages against the officer, he might still have been entitled to retain the property, and it would have been erroneous to render a judgment for a return until that issue had been disposed of.

The failure of the plaintiff to pursue precisely the steps pointed out in the 7th section of the statute above referred to, could not be enquired into, nor have any effect on the demurrer to his replication. But as the replication does not deny that there was any rent in arrear and due when the distress warrant issued, but denies that any was due on either of two particular days, neither of which is named either in the warrant or in the defendant's pleas, as the day on which the rent claimed was due, the replication was not a sufficient answer to the plea, for any purpose, and therefore the demurrer was properly sustained, and the defendant was entitled to judgment of return.

Wherefore, the judgment is affirmed.

*Hewitt* for appellant: *Morehead & Reed* for appellee.

POWELK
*vs*
TRIPLETT.

Although the officer levying a distress warrant for rent in arrear may be justified by the warrant for the taking, yet there should be no return unless the pleading and finding of the jury show that rent was due and in arrear at the emanation of the warrant.

A failure of party sueing out a distress warrant to pursue all the pre-requisits pointed out by the 7th section of the statute of 1842, is not prevented by a demurrer to replication to a plea.